It is case number 24-7353, Liberty Northwest v. Atlantic Specialty Insurance Company. Thank you again and thank you to your advisor. Counsel before you both argue I just want to remind you Judge Hurwitz is participating by video and sometimes there's a little bit of a delay so if you could just sort of bake in a bit of a delay that'll make it a lot easier for him to get his questions in and and help us from talking over each other which we try to do although it doesn't always look that way but that's that's what we're trying to do. We're ready to hear your argument when you're ready counsel. May it please the court good morning Chester Hill I'm counsel for Liberty What's this case about? It's two insurers one who defended a case a second who didn't and the first insurer my client their position was that or their position is that the non-defending insurer Atlantic Specialty as they're known today one beacon as they were known 15 years ago was wrong for doing that. For not tendering a defense. For not defending the insured that my client defended. Right and so we're gonna look just at the four corners of the complaint. Right and that's that's I think the most important thing at issue in this case we look at the four corners of the complaint we look at the four corners of the insurance policy at issue and we ask ourselves does does the underlying complaint assert a claim covered by the policy? And isn't the issue even more narrow because as I take it from the briefing the question is whether or not one of the exclusions one of the three identified exclusions in the policy means that there's no coverage. Is that a fair statement of what the issue is? That's correct. We don't need to read the rest of the policy we just need to figure out well we need to read it but the issue is whether the exclusions cover this case. That's correct. Or I think said a different way unambiguously foreclose coverage. I mean I think that those words are important because here it is sort of a higher standard we have to be able to say that they unambiguously foreclose coverage for the particular claims that were raised in the underlying complaint. That's correct and and I think you're you're teeing up two different issues. Judge Hurwitz is correct that we are worried only about those three exclusions. For purposes of this appeal those are the only exclusions that are at issue. We're not looking at any other provisions of the policy those aren't in dispute. And the policy would otherwise cover this but in your view or in the other view of the judge below but for the exclusions right? Correct, correct. And second Judge Desai you're also correct that there are three or four sort of subtopics within the analysis of the duty to defend that are very favorable to my client the client the insurer saying that Atlantic Specialty should have defended and they create a very high bar for Atlantic Specialty to say that they were within their rights to not defend. Those include the idea that any ambiguity is resolved in favor of coverage. They include the idea that claims or allegations that by themselves may be outside the scope of coverage are immaterial as long as the complaint can be reasonably read to include allegations that are within coverage. It's similar to a summary judgment standard we have to we have to review the allegations and the complaint in a light most favorable to the insured. Correct. So counsel I think we know that part so can you can you cut to the chase and get to the employer liability exclusion please? I'd be happy to. I think it's I think the allegations here are tricky. I you know I agree in some senses that they are tricky but them being tricky isn't enough to deny coverage in light of what I talked about earlier. Yes I agree what's your best argument? The best argument is that there's no specific allegation that Pedro Domian, the employee, was injured and in the absence of a specific allegation that he was injured there can be no injury to his son as a result of such an injury. Didn't the district court though decide or find that the allegations were implying that there was an injury to his reproductive system? Isn't that an injury to the employee? The I think to be sure there are allegations in the complaint that Pedro Domian was injured. There aren't allegations of such an injury that would bring us within the scope of that exclusion. I think what the district court said was you can read these allegations to allege an injury to his to the employees reproductive system and to his the mental or emotional injury but it can also be read to state a claim or allege that there was no injury and that there was injury only to the unborn child. That's that's a good point and I agree with that. Even if the complaint can be read to allege that Pedro Domian was injured which I dispute the that exclusion only forecloses a defense obligation if the only injuries to Pedro Domian occurred to sorry to Nicholas Domian occurred as a result of an injury to Pedro Domian. So because we can read the complaint to we can reasonably read those allegations to be one or the other then the employer exclusion is out and now we look to the pollution. Exactly. Except I'm not ready to go to pollution yet. One or the other or both. Okay so could you back up I think that's right that the complaint this is the part that's tricky for me I think you have a much easier road to hoe on pollution exclusion I'll just put opposing counsel notice that so we can talk about that when we get there but before we leave employer liability please the reason it's tricky I think there's an argument you need to respond to which is for me at least that that the I think what the way the briefing went was that your team argued hey it could be on on on this complaint that there's coverage because the complaint doesn't really allege that Pedro was injured I think that's right mm-hmm on the other hand it I think it was your client who argued well maybe it could be read to mean that the employee Pedro carried these substance home and opposing counsel coast argues that's really speculative the complaint doesn't go there I think the club and for me there's some purchase there in that but I I think the thing that I'd like you to grapple with it the complaint does allege that there may have been difficulty or you know inadequate ventilation and there may have been trouble with the protective equipment mm-hmm so could you elaborate there for me because at a minimum the complaint has to be alleging that you're that Pedro was a carrier using that word in the broadest possible sense right sure transmitter sure I I mean I think there's a meaningful distinction between being a carrier and being injured you know to analogize for a second there is but we're looking at the four the four corners of the complaint and I think the argument that they're making that is I'm wanting you to engage in is where does the complaint say I agree it doesn't say that he was injured the Pedro was injured I'm trying to figure where it really says that he was the transmitter it doesn't have to and you know so you assuming it doesn't have to can you answer judge Kristen's question is the same one I have I don't find an allegation in the complaint of personal injury to the father am I right in thinking about that and maybe I can imply it as judge this I suggested but I'm asking a very specific question is there an allegation in the complaint of personal injury to the father not according to my client I don't unless you want to characterize the loss of consortium as a personal injury to the father and have we is there any case law supporting that that in order to get around an exclusion right that you bake in the non-economic damage on the back end not that I'm aware I've never seen that I've never seen that but but let's say if the complaint doesn't allege injury to Pedro and and we're relying upon this notion that judge Hurwitz and I think are both pulling on this thread mm-hmm that he was at least a transmitter of right where's the complaint say that or is there are you relying on it doesn't have to it just has to not exclude coverage I'm yes that's the the last possible I'm relying on the proposition that the complaint leaves open that possibility okay and so what he opposing counsel argues in his briefing at least I'm not sure if she drafted the brief is that that's not fairly in the complaint and that was being you know sort of it's overly speculative they're reading that in it's not really fairly presented what's your best response to that the best response to that is the security national insurance versus Sunset Presbyterian and PIH Beaverton versus Red Shield insurance those are two construction cases they talk about in the additional insured context where an additional insured is entitled to coverage and they that because the complaint didn't foreclose the possibility that with respect to security national okay and if those if that's what we're relying upon I'm gonna let you get to judge decides questions about pollution exclusion because you've answered my question judge Hurwitz do you have more on this point before we go on to no no okay judge just I had questions about the pollution exclusion I mean you could just I was moving to the pollution exclusion because I think under your argument the employer liability exclusion does not does not clearly and unambiguously foreclose coverage so I think as we suggested at the beginning you need sort of tick through all of these exclusions since those are what we're looking at sure and I'd be happy to answer a specific question I'd also like to be cognizant of five minutes for rebuttal sure so on this one can I just tell you maybe so everybody's on notice just on my scorecard I haven't conferred with my colleagues in advance but it seems to me that I don't have to worry too much about whether these this long list of chemicals that's my word our pollutants because I don't see how I don't see an allegation in this complaint that they migrated or moved anywhere they weren't supposed to be rather it seems to me that the complaint is alleging that he was required to deal with them interact with those substances in the course of his regular employment right which means they were exactly where they were supposed to be which means that it doesn't apply to allow Atlantic specialty to refuse to do can we just rely on that or I'm missing something do I need to go through the list of substances and figure out what they are it's an either-or if they didn't disperse migrate all those other words then it doesn't matter what they are didn't leak didn't see anything can I ask you where the district court got the idea that there was a concession on the issue that these were pollutants I I don't know I it I mean it it wasn't an issue that was you know briefed in the sense of sections but it was said at the oral argument that that laundry list of substances includes things that are not pollutants and it was also said that to the extent the court or the insurer isn't sure on that issue then the tie goes to my client and the insurer had to defend I'll reserve the rest for rebuttal thank you  may please the court Christian Jones for the Appley Atlantic specialty insurance company this court should affirm the district courts grant of summary judgment in a six favor because the district court properly applied the ASIC policy language to the allegations of the underlying complaint can you start by pointing to where in the underlying complaint there's an allegation that the employee was injured there's there's no claim for a recovery for injury to the employee I think that we can all agree or assume that that's likely because that remedy would have been pursued through the workers compensation system but when the underlying complaint is reasonably read there's an extensive amount of detail in there talking about how these chemicals to which he was exposed caused reproductive harms to the person who's I mean I think that what we have here is a gap and you're asking the gap to be to be filled in your favor so we have a complaint that doesn't allege injury to the employee and then your friend on the other side's arguing that the complaint you know at least reasonably read could assume that these these chemicals were carried home on the body although there's no allegation of that either there's no clear allegation that there was a transmittal on clothing or on the surface of his skin that he brought home so we don't have either of these allegations in the complaint why why don't we read the complaint in a most favorable to the insured given that there are no clear allegations of either of these points your honor I think that it's because again of the extensive discussion in the complaint about how these chemicals work to injure someone and injure their reproductive system and thereby to what allegations you're talking about what's the paragraph yeah paragraphs were they so I agree with your honor that they don't specifically allege an injury to Pedro and that's because Pedro is not seeking to recover in that case if you make that concession isn't that a threshold issue that we need to be able to say is unequivocal in order to find that the employer liability exclusion forecloses unambiguously forecloses coverage here I don't think so your honor because again when the allegations of the complaint are read as a whole and in context and reasonably read they allege that they injured Pedro the father by harming his reproductive system there are substances that for example pregnant women can ingest that don't harm the pregnant women but harm their unborn or still developing fetus of course you know that so why couldn't this be one of those substance I have no idea what these substances are but that's what I'm grappling with you seem to be your clients position seems to be that there had to have been injury to Pedro I don't know that I think that the impact of the chemicals on Pedro as alleged in the underlying complaint would fit that within the definition as the term bodily injury is defined in the complaint I also do think that it's important here to consider the overall context of the two insurers who are fighting over this Liberty provided employers liability and workers comp coverage risk exposures that rot that arise from the employment relationship and that's why they defended the insured and provided coverage and that's why the CGL policy the commercial general liability policy that was issued by ASIC has the employers liability exclusion that's the way those two policies work together even Liberty says first page of its reply brief after all the complaint alleges that the cause of Nicholas Damian's birth defects was Pedro Damian's employment did you make an argument below that this the policy that ASIC issued here doesn't apply in any way to defend for for these types of claims because I I haven't I understand you now saying look there may be something about the kind of policy that was issued here that forecloses coverage but I don't understand that to be the issue that we have before us on appeal the the argument if I understand you're correct your question correctly your honor the argument that we were making is that you have two insurers who issued two different kinds of policies Liberty issued an employer's liability policy that's the policy under which they provided coverage understand that but what you're doing is you're zooming back out and saying hey what this is CGL as opposed to right that's zooming back out and at the top of this argument I think judge decides getting at we zoomed in and said there's three it's not even three just the policy there's three exclusions that we should be looking to so I think judge decides asking and I'm certainly interested did you make a broader scoped argument in the district court is that on is that more importantly is that an appeal to us or are we looking at those three exclusions we're looking at those three exclusions your honor I mean I agree that that is the analysis to do these three exclusions I think I might have been missing your point when you said hey my client was the CGL how does that help us when we're zoomed into these three exclusions I think it goes to the purpose and the intent of the employers liability exclusion that is I'm not sure I'm not sure I understand that argument so let me just press on it a little I take it you agree that if the complaint had said father was suffered bodily injury because of the facts of this case and therefore son should recover the employers exclusion and and and the consequence of the son's injuries was because of the father's bodily injury the employers exclusion would not apply correct sorry it wouldn't matter that it happened at work because the father might not be able to recover for that bodily injury but the the policy covers the family and if the family if a member of the family suffers bodily injury as a consequence of the father's bodily injury the exclusion doesn't apply correct I may not have understood your question correctly let me be more clear it may well be that one of the reasons to stick this exclusion is is that there are workers comp laws but that was laws only prevent the father from recovering for personal injury on the job this policy does cover injury to a family member that results as a consequence of bodily injury to a father right I would say actually your honor this policy provides coverage to the insured triquant that's right yeah that's right now rather than to the face so claims insured for that yes claims against triquant alleging bodily injury is right the policy generally covers so I'm just not sure why it matters that there are workers comp laws the insured says you covered us for this because this complaint alleges liability for bodily injury to a member of the family that was a consequence of bodily injury to the employee if that's the case it seems to me the workers comp laws are irrelevant we're just looking at this policy not in a that in a larger scheme am I mistaken in that no I think you're correct your honor and I didn't intend to confuse the issue by bringing up the workers comp issue I mean certainly that explains why Pedro didn't assert claims for injury yes in the underlying complaint I think the point that I was trying to make and maybe not making well and perhaps shouldn't belabor anymore is that there is employers liability coverage that was provided by Liberty and that is the policy that provided coverage to twice triquant for these claims I'm not suggesting that it is an impossibility that both policies could apply I'm suggesting that there is good I'd still like to get back to judge decides question at the beginning and it's the complaint doesn't make a specific allegation of bodily injury to the father but it seems to be given of the detailed allegations of what they're complaining about why isn't it at least a possible or plausible interpretation of the complaint that chemicals got into his system and therefore affected the and then when the child was conceived affected the health of the child the second part is clearly alleged why isn't the first part at least a reasonable implication why isn't that well I think your honor because it requires reading things into the complaint that aren't there and and I think an important point is made in the Oregon Supreme Court case Ledford we'd have to do that even if we accepted your argument we'd have to read something into the complaint that isn't there we'd have to read into the complaint and allegation that Pedro was injured which is a threshold requirement let me ask you a different question did you cross appeal here the district courts decision that the employer liability exclusion was not implicated we did not file a cross appeal we did note in our brief that when reviewing as a grant of summary judgment that the court can affirm or reverse on any ground that's right yes and let me ask you this I'm gonna ask your friend on the other side because this is just really a procedural question if if we decide that the none of the exclusions unambiguously foreclosed coverage then is there anything to do here other than to direct judgment in favor of Liberty yes there would be your honor and even Liberty asked for remand to the district court so that damages can be calculated they have a claim you know saying we spent this much in defense of this case there's no evidence before the court you know on those amounts those aren't in the summary judgment record they also have a claim for interest that they want to establish so the correct procedure if the court were inclined to reverse would be to remand to the district court for further proceedings I'd like to take one more run up the question that's bothering me I read the complaint to not allege injury to Pedro I think that we've all conceded that and but I also think that it just about has to be read to allege that he was my word is the transmitter of whatever harmful substance and I think there are substances we all know this that can can harm an unborn fetus that wouldn't necessarily harm them either parent so what I'm trying to figure out is how you can prevail on this list of chemicals because I don't know what they are I think you have to show me if there's no possibility that he transmitted you that's my verb and I think that the closest I come to seeing this anchored in the complaint as opposed to just reading something in to use your word is that it alleges that there was inadequate you know personal protective equipment so why how is it that I know that there's no possibility for coverage here there's no possibility because the mechanism of injury is is that the chemicals harm Pedro in some way why does it why does it have to be that they harm Pedro that's the nub of it why does it have to be that they harm as opposed to him being this sort of transmitter so something that would harm is important so say to take the example I think the district court used that he could have had them on his clothes and brought them home well that's not specifically alleged in the court what is alleged and we can't just sort of make things up I'm with you on that part which is why I was giving your friend on the other side you know kind of hard time and pushing back on this one but I don't think it entirely is just made up or read in the complaint alleges there was inadequate protective gear so could that leaves the possibility it may maybe it's inadequate gloves and he brought it on his hands maybe it's inadequate something else coveralls and he brought it home on his clothing but that seems to allow for a theory there that he could have transmitted harmful substance home well that same allegation I think supports the overall theory articulated into the complaint that they harmed his reproductive system if he had had adequate protective equipment they might not have harmed his reproductive system again you keep saying that what paragraph is it you want us to look at for the allegation that his that Pedro's reproductive system was harmed said Pedro's harmed I can't point point to a specific paragraph as I sit here I think anything in the complaint because I have the same question judge Kristen does and you use you use an interesting phrase and one that sort of I've used when thinking about this case too which is what is the mechanism of injury here and I scoured the complaint to find an allegation that talked about the precise mechanism of injury either to Pedro or to the child and I can't find it and you use that word so it makes me think that you're you're thinking about something in the complaint that talks about the mechanism of injury where is that can you point to any allegation in the complaint that talks about that as I stand here your honor and I may I'd be happy to submit any supplemental briefing or letters to pinpoint this is the entire case it seems to me that if I've looked at it and and you're preparing for argument which I'm sure you did that you would be able to point us to something in the complaint that talks about the mechanism of injury in our argument has been that it's the overall discussion the complaint over and over and over again and and we've cited to numerous instances in our brief where it does this talks about reproductive harms reproductive harms that's it's said over and over again and as the Ledford court noted to adopt the district court or liberties reasoning here puts the insurer in the position of getting in a complaint and the insurer has to try to make a decision about whether they have an obligation to defend it and that happens all the time I mean the defense is is that the sort of principle behind the duty to defend is that you go in and you defend and then you can seek segregation if your defense was was you I would say what liberties position does your honor is puts the insurer in the position of having to imagine other potential theories of liability that could be covered even if the face of the complaint doesn't allege it and Ledford says that that's not a reasonable way to read the complaint I think that's your strongest argument and I'm gonna ask you to pivot because you're out of time and I just would like to get if I could I want to give judge Hurwitz a chance in case he's got another question I'd like you to ask answer the question I put to the opposing counsel which is on the pollution exclusion do we need to get to whether these are pollutants or not why can't we just rely on the allegations that I think fairly read the complaint says that he he Pedro job required that he regularly come into contact with these substances I don't think that the court needs to address the issue of whether these substances were pollutants it Liberty raised no argument that they were not pollutants below at the most they can point to is one sentence in oral argument and then one sentence they're all really toxic counsel my question is I don't think they'd leak there's allegations about them leaking or seeking or an accident that's not what we would typically see in this kind of a case and I think that the for me that the pivot point is that his allegation is I had to work with this stuff all the time it wasn't a leak or spill I think there I would point to the district courts reading that you know where the district court found that the only way to reasonably read the complaint is that is that the chemical products somehow discharged dispersed or released in order to cause the harm that's alleged in the complaint and I would say that also that that reasoning in the district courts opinion supports finding that the employers liability exclusion applies because it's it's you know this is the only way to read these allegations when reasonably when taken as a whole okay but aren't you now reading I'm sorry no I was just gonna turn to you judge Hurwitz do you have follow-up yeah aren't you now reading the pollution exclusion language which says discharge seepage migration release or escape to also include the word exposure which is not in there in other words I would can read the complaint is saying I was required to work with chemicals on this job and was exposed to them they didn't they weren't discharged see migrate released or escaped I would actually actually had to touch them in order to do my job and that doesn't seem to be covered by the exclusion well can you respond to that I think your honor again as the district court found that I know what the district court found but it was just reading the complaint so let's assume that the district court never made a ruling on this what's your best argument about why near exposure as opposed to intentional exposure perhaps I'm giving you this pollutant to work with and on the job and you know we didn't provide sufficient safety measures etc but isn't that just exposure rather than one of the excluded events your honor no I would say that based on the allegations of the complaint there would have had to have been some movement of those chemicals to places where they weren't supposed to be in order for the injuries alleged to have occurred anything further judge Hurwitz thank you I want to thank you for your patience with our questions we've taken you well over time so I'll leave it at that thank you just a few quick notes you know this complaint is can you answer a question I asked your friend on the other side which is what procedurally is the right is the appropriate next steps if we were to agree with your argument and find that the policy exclusions don't apply here it's a it's a remand these were motions for partial summary judgments only on the issue of the duty to defend and there are further things to determine once that threshold question is answered like what what the split is what what the spend was and so it's damages it's a damage it's your damages yes yeah this is as I said this is a really long complaint and there's extensive and repetitive language about risk of harm and exposure it doesn't matter how many times they say the risk of harm or how many times they say the word exposure they're just saying it again what they would need to clearly and unambiguously allege is a bodily injury to Pedro Domi and and they don't do that despite the length of the complaint council argues that it has to be fairly read to include reproductive injury what's your response to that it doesn't because the transmittal carry on the clothes theory is a viable theory and where is it grounded in the complaint it's it's implied and it's not foreclosed I'll grant that there's no paragraph that says Pedro Domi and carried one or more of these substances home on his clothes as it comes where's the where's the best anchor you've got you have to have an anchor counsel doesn't the complaint talk about exposure and as judge Hurwitz pointed out there there is really no I think of those the words under the pollution exclusion to be environmental terms of art that talk about sort of pollutants in the sense that they are they are released into the public what is what doesn't the term exposure perhaps imply that there was something carried but without causing harm it's it's mere exposure to him he has it on his body his clothing and then it causes the child without it causing injury to him I agree with that but I'd like you to hear an answer to my question if I can you can you repeat your question what's the best you've come you've got to have an anchor in the complaint what's the best you've got to read this in to read in that Pedro Domi and carried the yeah or was transmitter what's the best you've got I'm not prepared to point to a not to worry take your argument as a whole right ahead the idea that some of these substances are not pollutants it was preserved all you have to do is make an argument at oral argument and I did so and to reiterate even if it wasn't preserved the the dispersal type type thread of that exclusion is still a and finally I think the idea of protective equipment actually helps Liberty here because there's an idea of whose protective equipment were we using and what was the intent and what was the knowledge in light of how general all these allegations are you would have to go substance by substance on this protective equipment protects against maybe the first five that the closest you come to saying that we're not just reading it in there's an allegation that the protective gear was inadequate sure I agree yeah it wasn't a trick question I just think that that's the closest I come I've asked both of you that's the closest I think the complaint comes and I've been tried to be really upfront about the fact I think opposing counsel's right we can't just read something in whole cloth but I but I don't think that that's what we've got here I think there's at least that yeah let me just ask and make sure before you the podium judge Hurwitz do you have something no okay I think we are thanks very much thank you both for your patience here Tristan can we take a very brief break I should be back in 60 seconds okay well we're gonna take five minutes so okay we'll be we'll be off record for five minutes thank you court all rise the court stands in recess
judges: CHRISTEN, HURWITZ, DESAI